T.C. Memo. 1997-573

UNITED STATES TAX COURT

THOMAS W. MINGUSKE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1180-96.                    Filed December 29, 1997.

Thomas W. Minguske, pro se.

Lynn M. Brimer and Eric R. Skinner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: Petitioner petitioned the Court to redetermine respondent's determinations with respect to his 1992 and 1993 Federal income taxes. Respondent determined the following income tax deficiencies and additions thereto:

Additions to Tax
Sec.          Sec.

| Year | Deficiency | 6651(a)(1) | 6654 |
|------|-----------|-----------|------|
| 1992 | $43,505 | $10,376 | $1,011 |
| 1993 | 45,097 | 11,274 | --- |

We must decide whether to sustain these determinations.  We hold in respondent's favor.  Section references are to the Internal Revenue Code in effect for the subject years.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated.  These stipulations and the exhibits submitted therewith are incorporated herein by this reference.  Petitioner resided in Charlotte, Michigan, when he petitioned the Court.

Petitioner did not file a Federal income tax return for either of the subject years.  During those years, petitioner was a licensed dentist, and he operated a dental practice as a sole proprietor.  During 1992, petitioner received the following amounts of money for his dental services:

| Payer | Amount |
|-------|--------|
| Delta Dental Plan of Michigan | $79,682 |
| The Travelers | 4,854 |
| Aetna Life Insurance Co. | 6,488 |
| Metropolitan Life Insurance Co. | 5,634 |
| SET, Inc. | 1,664 |
| Blue Cross Blue Shield of Michigan | 5,537 |
| Prudential Insurance Co. of America | 1,960 |
| Phoenix Home Life Mutual | 655 |
| Delta Dental Plan of California | 2,638 |
| Alexis, Inc. | 1,957 |
| Spartan Motors | 6,592 |
| Oxyfresh USA, Inc. | 798 |
| Connecticut General Life Insurance Co. | 2,104 |
| Continental Assurance Co. | 624 |
| John V. Carr & Son | 640 |

| | |
|---|---:|
| Meijer, Inc. | 1,190 |
| Michigan Employee Benefit Services | 628 |
| Team One Chevrolet | 936 |
| Robert Sinto Corp. | 1,090 |
| United Health and Life Insurance | 1,460 |
| Farmers Insurance Exchange | 4,374 |
| Total | 131,505 |

In 1992, petitioner also received a $118 refund for income taxes paid to the State of Michigan in the prior year. Petitioner filed a 1991 Federal income tax return.

During 1993, petitioner received the following amounts of money for his dental services:

| Payer | Amount |
|---|---:|
| Delta Dental Plan of Michigan | $76,811 |
| The Travelers | 5,114 |
| Aetna Life Insurance Co. | 5,699 |
| Metropolitan Life Insurance Co. | 2,898 |
| SET, Inc. | 1,000 |
| Blue Cross Blue Shield of Michigan | 4,726 |
| Prudential Insurance Co. of America | 5,168 |
| Phoenix Home Life Mutual | 1,345 |
| Delta Dental Plan of California | 854 |
| Alexis, Inc. | 1,161 |
| Spartan Motors | 7,707 |
| Cigna Health Care Benefits | 2,871 |
| Healthcare Service Corp. | 2,901 |
| Group Administrators Ltd. | 758 |
| Michigan Mutual Insurance Co. | 925 |
| Lansing Community College | 715 |
| Blue Care Inc. | 840 |
| Accident Fund of Michigan | 1,780 |
| American Medical Security | 879 |
| Fortis Benefits Insurance Co. | 952 |
| Total | 125,104 |

In 1993, petitioner also realized bartering income of $50 from a transaction with Trade Network, Inc.

- 4 -

OPINION

Petitioner did not file an income tax return for either year in issue, and respondent determined that petitioner was liable for the above-mentioned deficiencies and additions thereto. Petitioner must prove respondent's determinations wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner has not introduced any evidence that rebuts the evidence submitted in support of respondent's determination of the income tax deficiencies and additions thereto. Instead of attempting to challenge the merits of respondent's determinations, petitioner chooses to rely on shopworn assertions as to the validity of the Federal income tax system. All of petitioner's arguments are similar to rejected arguments of other taxpayers who have previously petitioned this Court in protest of their liability for Federal income tax. Petitioner's assertions in this case are characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts. We will not painstakingly address petitioner's assertions as to the validity of the Federal income tax system "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is subject to Federal income tax during the relevant years, and we sustain respondent's determinations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.